C. W. Gaidry v. Commissioner.
C. W. Gaidry v. Commissioner
Docket No. 12547.
United States Tax Court
1948 Tax Ct. Memo LEXIS 212; 7 T.C.M. (CCH) 222; T.C.M. (RIA) 48055; April 16, 1948
*212 The business of Gaidry Motors was not a partnership composed of petitioner as an individual and as trustee for his wife and two minor children within the meaning of the Internal Revenue Code, and the income thereof for 1943 was taxable in its entirety to petitioner. Gayle A. Mohney, Esq., and W. A. Hifner, Jr., C.P.A., 145 E. High, Lexington, Ky., for the petitioner. W. W. Kerr, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in income tax of $22,757.57 for the year 1943. The only question involved is whether all the income for 1943 from the business conducted under the name of Gaidry Motors, an alleged family partnership, is taxable to petitioner under *213 section 22 (a), I.R.C.
Findings of Fact The facts were all stipulated and in so far as material, are as follows: The petitioner resides and has his principal place of business in Lexington, Kentucky. He filed his income tax return for 1943 with the collector of internal revenue for the District of Kentucky. Reinhardt-Gaidry Motors, Inc. was organized in September, 1939, and engaged in the business of selling Ford automobiles and trucks, and operating a garage. The stock of this corporation was issued to petitioner and F. S. Reinhardt. The petitioner acquired the stock owned by Reinhardt on July 15, 1942, and liquidated and dissolved the corporation as of July 31, 1942. From August 1, 1942 to December 31, 1942, the petitioner operated the business as a sole proprietorship under the present name of Gaidry Motors. On January 1, 1943, the petitioner made a declaration of trust, naming himself as trustee for his wife, Dorothy Ducros Gaidry, and for his daughter, Deon Gaidry, age ten years, and for his son, Douglas Wright Gaidry, age four years. The declaration of trust, in so far as material, is as follows: "The trust estate shall consist of an undivided *214 two-thirds interest in the business operated and situated at 180 East High Street, Lexington, Fayette County, Kentucky, and known as Gaidry Motors, of which grantor has heretofore been the sole owner and proprietor. At the close of business on December 31, 1942 the said business of Gaidry Motors had net assets, or a net worth, of $19,811.96. A twothirds interest in said net assets at this time and simultaneously herewith is being transferred on the books of said Gaidry Motors to the trustee in accordance with and pursuant to this instrument, and grantor does now and hereby assign and transfer, without power of revocation, to said trustee and his successors in trust, all of his right, title and interest to the said undivided two-thirds interest in said business, to be held, owned, managed and controlled by said trustee for the uses and purposes hereinafter set forth. "One-half of said trust estate shall be held in trust for Dorothy Ducros Gaidry for and during her natural life and she shall have the power to dispose of same by will. "One-fourth of said trust estate shall be held in trust for Deon Gaidry for and during her natural life, and she shall have the power to dispose of *215 same by will when she shall have attained the age of twenty-one years. "One-fourth of said trust estate shall be held in trust for Douglas Wright Gaidry, and shall be payable to him as follows: one-half when he shall have attained the age of twenty-five years, and the remaining one-half when he shall have attained the age of thirty years. Said Douglas Wright Gaidry shall have the power to dispose of his share of the trust estate by will when he shall have attained the age of twenty-one years. "Each of the three shares hereinbefore described is hereby declared to be a separate and distinct trust and is to be so treated by the trustee for all purposes. "In the event Dorothy Ducros Gaidry, Deon Gaidry and Douglas Wright Gaidry, or any of them, fail to dispose of their respective shares by will, as provided herein, said shares shall pass to their heirs at law according to the statutes of descent and distribution which may be applicable at the time of the happening of such contingency. "The net income from the share of Dorothy Ducros Gaidry in the trust estate shall be her property absolutely, and shall be paid to her in quarterly installments, or at such other times as may be convenient *216 to the trustee. "The net income from the share of Deon Gaidry in the trust estate shall be accumulated by the trustee until she reaches the age of twenty-one years, and shall at that time be added to and become a part of such share. After reaching the age of twenty-one years said Deon Gaidry shall be entitled to all of the net income from her share of the trust estate and same shall be payable to her in quarterly installments, or at such other times as may be convenient to the trustee. "The net income from the share of Douglas Wright Gaidry in the trust estate shall be accumulated by the trustee until he reaches the age of twenty-one years, and shall at that time be added to and become a part of such share. After reaching the age of twenty-one years said Douglas Wright Gaidry shall be entitled to all of the income from his share of the trust estate and same shall be payable to him in quarterly installments, or at such other times as may be convenient to the trustee. "The trustee shall have full power to sell, transfer, convey and assign any part or all of the trust estate, or any substitutions therefor, at any time he may deem it expedient, and to reinvest the proceeds in such *217 other property as to him may seem wise, and no purchaser shall be required to see to the application of the purchase money. The investment or reinvestment of the trust estate by said trustee shall be made in such real estate, securities, or tangible property as in his sole judgment may seem wise and expedient, and without regard to the Kentucky Statutes which define the types of property in which trust funds may be invested. "If, due to illness, misfortune or other causes, said Dorothy Ducros Gaidry, Deon Gaidry or Douglas Wright Gaidry, shall be in need of additional funds for medical or hospital services, for educational purposes, or to maintain her or his position in life, the trustee is hereby directed and authorized to make to any or all of them such advancements out of their respective shares of the trust estate, or the accumulated income therefrom, as he may deem necessary for the purpose. The judgment of the trustee with respect to such advancements shall not be questioned so long as it is not exercised in an arbitrary or capricious manner. This provision shall not be applicable to Deon Gaidry or Douglas Wright Gaidry during their infancy unless their required financial aid *218 shall be in excess of that which their parents, or those standing in loco parentis, are then able to supply. If any advancements are made to Deon Gaidry or Douglas Wright Gaidry during their infancy the receipt therefor signed by either of their parents, or those standing in loco parentis will be binding on them." The assets turned over to the Trustee under the declaration of trust consisted of an undivided two-thirds interest in the business then operated and known as Gaidry Motors. The total assets of such business ($134,896.57), less its total liabilities ($115,084.61), or its net worth, on January 1, 1943, amounted to the net sum of $19,811.96. On or about January 1, 1943, there was filed with the Clerk of the Fayette County Court, in Lexington, Kentucky, an affidavit by the petitioner stating that the business of Gaidry Motors would thereafter be conducted as a partnership, with one-third of the assets owned by petitioner, individually, and the remaining two-thirds owned by him as trustee for Dorothy Ducros Gaidry, Deon Gaidry and Douglas Wright Gaidry under an unrecorded declaration of trust dated January 1, 1943. The business of Gaidry Motors was managed and conducted *219 by the petitioner after the formation of the above-mentioned arrangement. On January 2, 1943, Gaidry Motors, by petitioner, designated as "General Partner", and by himself as trustee for Dorothy Ducros Gaidry, Deon Gaidry, and Douglas Wright Gaidry, also designated "General Partner", employed petitioner as general manager of Gaidry Motors at a salary of $10,000 a year. Neither petitioner's wife, nor his two minor children, contributed any services whatsoever in connection with the operation of the business. A partnership return (Form 1065) in the name of Gaidry Motors was filed. The return showed gross receipts derived from the operation of the business of Gaidry Motors of $316,615.34 and ordinary net income of $60,789.92, distribution of which, as shown in the return, was as follows: C. W. Gaidry
$26,929.97
C. W. Gaidry, Trustee for
Dorothy Ducros Gaidry
16,929.97
Deon Gaidry
8,464.99
Douglas Wright Gaidry
8,464.99
$60,789.92
The petitioner, as trustee for his wife and two children, filed a fiduciary income tax return (Form 1041) for 1943 for each of his wife and two children. The wife of petitioner filed an individual income tax return (Form 1040) *220 for 1943. The income reported therein was $16,888.85, being $16,929.97 less her share of certain deductions claimed on the fiduciary return of $41.12. Withdrawals from the trust estate during the year 1943 totaled $16,474.99 and consisted principally of amounts for income taxes in case of petitioner's wife, the purchase and improvement of real estate for the trust estate, and the purchase for petitioner's wife of a mare, saddle, pony, cart, etc. The petitioner filed a gift tax return for the year 1943, in which he reported gifts as of January 1, 1943 to himself as trustee for his wife, his daughter and son, respectively, of an undivided one-third interest in the assets and business of Gaidry Motors of the value of $6,604 and two undivided one-sixth interests in the assets and business of Gaidry Motors each of the value of $3,301.99, aggregating $13,207.98. No gift tax liability resulted therefrom. Opinion VAN FOSSAN, Judge: The question to be decided is whether, for Federal income tax purposes, Gaidry Motors in 1943 was a partnership composed of the petitioner as an individual and as trustee for his wife and two minor children. The decision of this question is controlled *221 by the principles enunciated in Commissioner v. Tower, 327 U.S. 280; Lusthaus v. Commissioner, 327 U.S. 293; Dawson v. Commissioner (CCA-6) 163 Fed. (2d) 664, affirming T.C. Memo. (April 23, 1946); W. A. Belcher, 7 T.C. 182, affirmed (CCA-5) 162 Fed. (2d) 974, certiorari denied 332 U.S. 824 (November 17, 1947); John G. Scherf, et al., 7 T.C. 346, affirmed (CCA-5) 161 Fed. (2d) 495, certiorari denied 332 U.S. 810 (October 27, 1947); Lewis Coleman Benson, 6 T.C. 748, affirmed (CCA-5) 161 Fed. (2d) 821; Leonard N. Simons, 7 T.C. 114, and Wade E. Moore, et al., 7 T.C. 1250, 1268-1269. The respondent has not conceded that petitioner made bona fide gifts and that the trusts were partners in the business as the Commissioner was held to have done in Robert P. Scherer, 3 T.C. 776, relied upon by the petitioner. He contends that the trust and partnership were family arrangements, under which the beneficiaries brought no new capital into the business and rendered no services whatsoever. The facts as stipulated *222 sustain his position. The business was that of petitioner; he conducted it as a sole proprietorship prior to the trust and partnership arrangement and thereafter continued to conduct the business in the same manner, albeit under the designation of general manager given to himself by himself. We are not concerned with whether the wife and children acquired a beneficial two-thirds interest in the business under the laws of Kentucky. As stated in John G. Scherf, supra, "the issue for Federal income tax purposes is, Who earned the income?" So far as disclosed by the record the income was earned by the petitioner, the business being conducted by him without any aid, financial or otherwise, from the purported partners. We hold upon the authority of the cases cited that the Commissioner did not err in including the income of Gaidry Motors for 1943 in its entirety in the taxable income of petitioner. Decision will be entered for the respondent.